UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BONANO,

Plaintiff,

-against-

WASHINGTONVILLE VILLAGE COURT;
STEPHEN J. SMITH; SARAH SHEELER; MS.
RALEIGH; DAVID M. HOOVLER; ROBERT
TEMBECKJIAN; AARON CUADRADO;
JOHN DOE; NANCY M. SUNUKJIAN; N.Y.
STATE'S OCA'S OFFICE OF JUSTICE
COURT SUPPORT,

Defendants.

**ORDER OF SERVICE**

26-CV-03448 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. §§§ 1981, 1983,

1985, and 1986, alleging that he was unlawfully arrested and is being unlawfully prosecuted for

petit larceny in Washingtonville Village Court. He names as defendants: (1) Washingtonville

Village Court; (2) Stephen J. Smith, a judge in the Washington Village Court ("Judge Smith");

(3) Sarah Sheeler, an assistant district attorney ("ADA") who prosecuted Plaintiff; (4) Ms.

Raleigh, Plaintiff's assigned criminal defense attorney; (5) David M. Hoovler, Orange County

District Attorney; (6) Robert Tembeckjian, Administrator for the New York State Commission on

Judicial Conduct; (7) Aaron Cuadrado, an officer of the Washingtonville Police Department

("WPD") who arrested Plaintiff for petit larceny; (8) John Doe, a WPD officer who allegedly

interrupted Plaintiff's oral argument during a criminal court appearance; (9) Nancy M.

Sunukjian, director of the New York State Office of Court Administration's ("OCA") Office of

Justice Court Support; and (10) OCA's Office of Justice Court Support. He seeks monetary relief,

as well as an order that both enjoins his ongoing prosecution in Washingtonville Village Court

and declares unlawful New York's "scheme of allowing laymen to 'play judge' for cases involving loss of liberty." (ECF No. 1, at 7, "Complaint" or "Compl.").

By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (Doc. 7). For the following reasons, the Court: (1) dismisses Plaintiff's requests for injunctive relief, all of which would have the effect of intruding into Plaintiff's ongoing state court prosecution, under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971); (2) dismisses, under the doctrine of judicial immunity, all damages claims against Judge Smith; (3) dismisses, under the doctrine of prosecutorial immunity, all damages claims against ADA Sheeler and District Attorney Hoovler; (4) dismisses, under the doctrine of sovereign immunity, all damages claims against the Washingtonville Village Court and OCA's Office of Justice Court Support; (5) dismisses, for failure to state a claim, all damages claims against Officer Doe, Tembeckjian of the Commission on Judicial Conduct, and Sunukjian of the OCA's Office of Justice Court Support, with 30 days' leave to replead; and (6) directs service on Officer Cuadrado and Ms. Raleigh.

## BACKGROUND

The following facts are drawn from the Complaint.[1] On December 15, 2025, Officer Cuadrado stopped Plaintiff on the street in response to a report from a supermarket employee that a person matching Plaintiff's description had committed theft in the store. (Compl. at 10). Cuadrado frisked Plaintiff, and in the course of doing so, lowered Plaintiff's pants so that his underwear was visible to potential passersby. (*Id.*). Cuadrado then handcuffed Plaintiff and transported him to the supermarket in the backseat of a police vehicle, where the complainant

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

identified Plaintiff as having committed theft. (*Id.*). Plaintiff contends that the show-up identification procedure was unduly suggestive because he was handcuffed in the back of a police vehicle at the time of the identification. (*Id.*). Plaintiff was thereafter arrested for petit larceny and was issued a desk appearance ticket directing him to appear in Washingtonville Village Court on January 14, 2026. (*Id.*).

Before Plaintiff's initial court appearance, he wrote to the court to ask to plead to a violation, rather than the misdemeanor of petit larceny. (*Id.* at 11). Plaintiff, at his initial court appearance on January 14, 2026, objected to Judge Smith's appointment of a public defender, Ms. Raleigh, to represent him; Plaintiff wished to proceed *pro se*. (*Id.*). Judge Smith nevertheless appointed Ms. Raleigh, who entered a plea of not guilty and waived the reading of his rights under New York Criminal Procedure Law § 170.10, both over Plaintiff's objection. (*Id.*). During the court appearance, Ms. Raleigh allegedly also mocked Plaintiff's efforts to proceed *pro se* in front of the judge and prosecutor, which Plaintiff states prejudiced his case. (*Id.* at 11-12).

Later during the same appearance, ADA Sheeler offered a plea in which Plaintiff would serve a nine-month sentence in the Orange County Jail, which Plaintiff complained was excessive in light of this being his first arrest in Orange County.[2] (*Id.*). In response to Plaintiff's complaints on the record, Judge Smith interrogated Plaintiff about whether he appreciated the gravity of the charges against him, and Plaintiff responded that he still believed nine months to be an excessive sentence. (*Id.* at 12.)

At the next court appearance on February 11, 2026, ADA Sheeler produced discovery and certified that all discoverable materials had been disclosed, which Plaintiff disputed. (*Id.* at 13-14). Plaintiff also informed the court that the police and ADA Sheeler failed to create vouchers

---

[2] Plaintiff admits to having been arrested numerous other times in New York City. (Compl. at 35-36).

for certain arrest evidence, thereby depriving Plaintiff of the opportunity to inspect it under state law discovery provisions. (*Id.*). In response to Plaintiff's arguments, Judge Smith asked Plaintiff for case law supporting his arguments, which Plaintiff took as proving the judge's incompetence and unfitness for the bench. (*Id.*).

During court appearances on January 14, February 11, March 11, and April 8, 2026, all but two of the 14 cases before the court resolved by plea agreements. (*Id.* at 15). Plaintiff concludes that the fact that his case was not resolved by plea agreement is evidence of bias against him. (*Id.*).

Soon after, Plaintiff engaged in online research and learned that Judge Smith is not a lawyer (*Id.* at 17-18), and thereafter filed a complaint with the New York State Commission on Judicial Conduct (*Id.* at 18). At the March 11, 2026 court appearance, Judge Smith denied Plaintiff's requests for transcripts of proceedings to be given to him at state expense. (*Id.* at 17-18). Plaintiff contends that free transcripts are required by state law, and he took Judge Smith's denial of his request as further evidence that he is not fit to be a judge. (*Id.*). Similarly, at that court appearance, Judge Smith set a deadline for Plaintiff's omnibus motion that was shorter than the time period established by state law, which Plaintiff took as further evidence of Judge Smith's incompetence. (*Id.*). Plaintiff also filed an omnibus motion, presumably at least part of which was a motion to dismiss, in which he argued that the proceedings were unlawful because Judge Smith was not a lawyer. (*Id.*). The complaint does not clearly state the disposition of the motion. (*Id*. at 15-18.)

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

**DISCUSSION**

I.  Injunctive Relief

Plaintiff requests that the Court enter an order that both enjoins his ongoing prosecution in Washingtonville Village Court and declares unlawful New York's "scheme of allowing laymen to 'play judge' for cases involving loss of liberty." (Compl. at 7.) Both requests, if granted, would require federal court intervention in Plaintiff's ongoing criminal prosecution.

To the extent that Plaintiff, in seeking injunctive relief, asks the Court to intervene in his pending state-court criminal proceeding, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). This includes situations where a person being prosecuted in state court brings a federal action seeking "both an injunction prohibiting further state proceedings against him before a lay justice and a declaration

that the New York town court system was facially unconstitutional." *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995).

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court will therefore not intervene in that proceeding and dismisses those claims for injunctive relief.

II.  Defendant Smith

Plaintiff sues Judge Smith related to the judge's conduct during Plaintiff's ongoing prosecution.

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when a judge takes action "outside" their judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Smith acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 502 U.S. at 11–12. Because Plaintiff sues Judge Smith for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Smith because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, are deemed frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

III. Defendants Sheeler and Hoovler

Plaintiff presses claims against ADA Sheeler and District Attorney Hoovler related to their conduct in the course of his prosecution.

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court

proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).

Here, Plaintiff's claims against Defendants Sheeler and Hoovler are based on actions within the scope of their official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that a claim against a prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

IV. Defendants Washingtonville Village Court and OCA's Office of Justice Court Support

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*

Village Courts, including the Washingtonville Village Court, are part of the New York State Unified Court System. *See Lee v. Town of Wawayanda*, No. 23-CV-07064, 2024 WL 6046840, at *9 (S.D.N.Y. Aug. 27, 2024) ("The Wawayanda Town Court is part of the New York State Unified Court System."); N.Y. Const. art. VI, § 1 ("The unified court system for the state shall also include the district, town, city and village courts outside the city of New York."). "The Second Circuit has recognized the New York State Unified Court System, of which OCA is the administrative arm, as a state instrumentality protected by Eleventh Amendment sovereign immunity." *Pietri v. N.Y.S. Off. of Ct. Admin.*, 936 F. Supp. 2d 120, 127 (E.D.N.Y. 2013) (citing *Gollomp*, 568 F.3d at 367–68).

8

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the Washingtonville Village Court and OCA's Office of Justice Court Support are therefore barred by the Eleventh Amendment and are dismissed.

## V.  Defendants Doe, Tembeckjian, and Sunukjian

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

For the reasons that follow, the Court dismisses Plaintiff's claims against Doe, Tembeckjian, and Sunukjian for failure to state a claim, with 30 days' leave to file an amended complaint stating facts suggesting that they were personally involved in depriving him of a right secured by federal law. The amended complaint will replace, not supplement, the original complaint. Accordingly, all facts and claims that Plaintiff wishes to assert must be contained in his amended complaint.

9

a.  Defendant Doe

Plaintiff alleges that Officer Doe of the Washingtonville Police Department, while inside of the Washingtonville Village Court during one of Plaintiff's court appearances, "baselessly insert[ed] himself into the record to falsely 'object' to [Plaintiff's] advocacy." (Compl. at 30). Plaintiff states in a conclusory manner that Officer Doe "prejudice[d]" his case, but he offers no facts from which the Court can infer that he experienced any prejudice whatsoever. Moreover, Plaintiff does not identify any liberty interest, property interest, or any other right secured by federal law that was impaired as a result of Officer Doe's alleged comment in court. Plaintiff therefore fails to state a claim against Officer Doe. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

b.  Defendant Tembeckjian

Plaintiff alleges that Defendant Tembeckjian, an administrator for the New York State Commission on Judicial Conduct, failed to take action on unidentified complaints submitted by unidentified persons concerning unspecified conduct by state court judges. (Compl. at 29). Plaintiff does not allege that any complaints that Tembeckjian reviewed involved Judge Smith or Plaintiff's criminal proceedings. Rather, the gravamen of Plaintiff's barebones allegations against Tembeckjian is that he did not take action to extinguish New York's use of lay judges in certain village courts. Courts have considered nearly identical attacks on New York's use of lay judges and concluded that they are without merit. *See Hansel v. Town Ct. for Town of Springfield, N.Y.*, 859 F. Supp. 44, 45 (N.D.N.Y. 1994) (dismissing similar claims for failure to state a claim, relying on *North v. Russell*, 427 U.S. 328 (1976) and *People v. Skrynski*, 42 N.Y.2d 218 (1977)), *aff'd on other grounds*, 56 F.3d 391 (2d Cir. 1995). Because there is no indication that Tembeckjian had any involvement in investigating complaints concerning Judge Smith, and because Plaintiff's allegations do not allow the Court to infer that Tembeckjian violated any of

10

Plaintiff's rights secured by federal law, the Court dismisses the claims against Tembeckjian for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

      c.  Defendant Sunukjian

Similarly, Plaintiff claims Defendant Sunukjian of the OCA's Office of Court Justice Support failed to provide adequate training to unidentified judges of the New York state court system. (Compl. at 31). Plaintiff provides no facts, however, suggesting that Sunukjian had legal responsibility for ensuring that lay judges are adequately trained or that any training she could have provided would have avoided the outcomes in criminal court that Plaintiff has experienced to date. In short, Plaintiff provides the Court with no reason to believe that Sunukjian was personally involved in violating any of Plaintiff's rights secured by federal law. The Court therefore dismisses the claims against Sunukjian for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## VI. Service on Defendants Cuadrado and Raleigh

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Cuadrado and Raleigh through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants Cuadrado and Raleigh.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court: (1) dismisses Plaintiff's requests for injunctive relief, under the *Younger* abstention doctrine; (2) dismisses, under the doctrine of judicial immunity, all damages claims against Judge Smith; (3) dismisses, under the doctrine of prosecutorial immunity, all damages claims against ADA Sheeler and District Attorney Hoovler; (4) dismisses, under the doctrine of sovereign immunity, all damages claims against the Washington Village Court and OCA's Office of Justice Court Support; and (5) dismisses, for failure to state a claim, all damages claims against Officer Doe, Tembeckjian, and Sunukjian, with 30 days' leave to replead. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Clerk of Court is directed to terminate these defendants.

The Clerk of Court is instructed to issue summons for Defendants Cuadrado and Raleigh, complete the USM-285 form with the address for Defendants Cuadrado and Raleigh, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   May 7, 2026
         White Plains, New York

_____
                       PHILIP M. HALPERN
                    United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.     Aaron Cuadrado
       Police Officer
       Washingtonville Police Department
       38 East Main Street
       Washingtonville, NY 10992

2.     Ms. Raleigh
       Assigned Counsel
       The Legal Aid Society of Orange County
       14 Scotchtown Avenue
       Goshen, NY 10924